IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Ronald W. Laverdure, | ) | No. 05 B 08111 |
| | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| | ) | United States Bankruptcy Judge |
| Debtor. | ) | |

**FIRST AND FINAL APPLICATION OF GOULD & RATNER LLP
FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE
<u>PERIOD NOVEMBER 1, 2007 THROUGH APRIL 30, 2010</u>**

Gould & Ratner LLP (the "Applicant" or "G&R") requests entry of an order approving its first and final application for allowance of compensation and reimbursement of expenses ("First and Final Application") in its representation of Ilene F. Goldstein as Chapter 7 Trustee (the "Trustee") for Ronald W. Laverdure (the "Debtor"), for the period from November 1, 2007 through April 30, 2010 (the "Application Period"). In support of its First and Final Application, G&R respectfully states as follows:

1. The First and Final Application seeks $120,070.00 in fees and reimbursement of out-of-pocket expenses in the amount of $16,712.58.

2. G&R understands that requests for fees and reimbursement of expenses are made in accordance with the requirements set forth in §§ 330 and 331 of the Bankruptcy Code, the procedures set forth in the applicable Federal Rules of Bankruptcy Procedure, the local rules of this Court, applicable case law, the guidelines promulgated by the Office of the United States Trustee and such other rules and procedures as have been or may be established by the United States Bankruptcy Court for the Northern District of Illinois.

  3. G&R expended an enormous amount of time and effort on behalf of the estate, including conducting a trial which resulted in the successful revocation of the Debtor's discharge.

  4. Given that the estate has – at the maximum – no more than $7,348.33 with which to pay all of the estate's administrative expenses including the Trustee's fees and G&R fees and expenses, G&R requests that it be excused from complying with the aforementioned requirements.

  5. The Applicant seeks court approval of its First and Final Application for services rendered to the Trustee during the Application Period in the amount of $120,070.00 and reimbursement of expenses in the amount of $16,712.58, necessarily incurred and advanced by the Applicant in the course of providing professional services to the Trustee during the Application Period.

  6. The Applicant has not received any interim compensation during the Application Period.

  7. All professional services for which compensation is requested were performed by the Applicant for the Trustee.

**BACKGROUND AND ENGAGEMENT OF THE APPLICANT**

  8. On March 8, 2005 ("Petition Date"), a voluntary Chapter 7 petition was filed by Ronald W. Laverdure, pursuant to 11 U.S.C. § 301.

  9. The United States Trustee appointed Ilene F. Goldstein as Trustee of the estate.

  10. On December 10, 2007, the Court approved the appointment of G&R as counsel to the Trustee.  (Exhibit 1)

11. Since its appointment, G&R has rendered actual and necessary legal services to the Trustee as set forth herein.

## ALLOWANCE OF COMPENSATION

12. The Applicant has devoted 440.40 hours of professional time in providing legal services to the Trustee during the Application Period.

13. A true and correct copy of an itemization of the Applicant's time record entries for the Application Period, which details the time entries and the members of the firm providing services, is attached as Exhibit 2.

14. A summary of the time spent by each individual and a computation of the value of professional time is listed below:

| Name | Position | Hours | Rate/Hour 2007-2010 | Fees Earned |
|---|---|---|---|---|
| **ATTORNEYS** | | | | |
| Christopher J. Horvay | Partner | 52.30 | $440/$460 | $23,026.00 |
| Mark E. Leipold | Partner | 195.00 | $320/$330/$350 | $64,751.00 |
| Joseph P. Bonavita | Associate | 114.50 | $205/$220 | $23,493.50 |
| **NON-ATTORNEYS** | | | | |
| Sharyl L. Tamssot | Paralegal | 21.60 | $190 | $4,104.00 |
| Amy Leuenberger | Paralegal | .30 | $185 | $55.50 |
| Heather M. Martinez | Paralegal | 19.90 | $125/$150 | $2,800.00 |
| Corinne C. Frank | Law Clerk | 1.00 | $50.00 | $50.00 |
| Nadia Gaya | Law Clerk | 23.20 | $50.00 | $1,160.00 |
| Jeffrey A. Merar | Law Clerk | 12.60 | $50.00 | $630.00 |
| **TOTAL:** | | **440.40** | | **$120,070.00** |

15. The Applicant requests compensation only for services performed in connection with this case.

16. The Applicant will not share any compensation received or to be received pursuant to this Application, except as allowed by Section 504(b) of the Bankruptcy Code. No agreement or understanding exists between Applicant or any other persons or firms for the sharing of compensation received, or to be received, in connection with this Chapter 7 case. In

compliance with Section 330 of the Bankruptcy Code and Rule 2016(a) of the Rules of Bankruptcy Procedure, the verified affidavit of Christopher J. Horvay, a partner with Applicant, is attached hereto and incorporated herein as <u>Exhibit 3</u>.

17. The services rendered to the Trustee were necessary to the administration of these bankruptcy proceedings.

## **SUMMARY OF APPLICANT'S SERVICES**

18. The tasks performed and time expended by G&R includes the preparation and filing of three adversary complaints as described more fully below.

**I.** **<u>Goldstein v. Ronald W. Laverdure, Nicole Laverdure, Kathryn Laverdure, K Construction of Wauconda, Inc. and AVA Financial Corp.</u>, Adv. 07-00153 (Bank. N.D. Ill. March 7, 2007)**

**Fraudulent Transfer/Turnover of Property**

19. In this adversary, Applicant assisted the Trustee in preparing and filing a complaint and amended complaint alleging fraudulent transfers claims against the Debtor, his daughter, his mother, a construction company owned and controlled by the Debtor and his mother, and the mortgage broker AVA Financial Corp. (and its owner, Vince Amato) the broker who assisted the Debtor and Nicole Laverdure in obtaining a mortgage loan of the real property located at 64 Hillburn Lane, Barrington, Illinois (the "Barrington Property").

20. It appears that the Debtor falsified Nicole Laverdure's financial information in order to obtain the loan, the proceeds of which were used by the Debtor to operate the Debtor's construction business.

21. The claims against defendants, Vince Amato and AVA Financial Corp. were dismissed by the Trustee when a claim could not be maintained against them and

undersigned determined that the complaint could not be amended to maintain the cause of action.

22. In addition, the Trustee abandoned the claims against the Debtor, his daughter and his mother, after it was determined that these defendants were judgment proof, the proceeds of the refinancing had been dissipated, and the Barrington Property had been foreclosed upon. (In addition, the precipitous decline of the real estate market eliminated any value that may have existed in the Barrington Property.)

23. In addition, the property for which the Trustee sought turnover, an automobile and the Barrington Property, no longer had any value to the Debtor's estate.

24. Applicant spent time defending against the counterclaim filed by the Debtor's mother, Katherine Laverdure.

25. Applicant also filed a response to a motion to dismiss adversary filed by one of the defendants.

26. Thereafter, Applicant prepared and filed a Motion to Abandon and a Motion to Dismiss Adversary.

## II. Goldstein v. Laverdure, Adv. No. 07-00622 (Bank. N.D. Ill. July 6, 2007)
### Revocation of Debtor's Discharge

27. In this adversary, Applicant assisted the Trustee in preparing, filing and litigating an adversary complaint which sought to revoke the Debtor's discharge.

28. Applicant spent time drafting the complaint and the amended complaint, conducting written and oral discovery, preparing for trial (including preparing witness lists. amended witness lists, exhibit lists, amended exhibit lists, drafting a joint stipulation, issuing witness subpoenas).

29. In addition, Applicant spent time preparing the trial brief.

30. The trial was commenced on October 16, 2008. As a result of the trial, the Trustee was successful in obtaining a revocation of the Debtor's discharge.

### III. **Goldstein v. Ronald W. Laverdure, Douglas E. Zeit. Morrison & Morrison, P.C., and The Village of Round Lake Beach**, Adv. 09-00485 (Bank. N.D. Ill. June 20, 2008)

#### Fraudulent Transfer/Turnover of Property

31. G&R expended time preparing for and filing the above adversary which named the Debtor and three additional defendants: Douglas E. Zeit, Morrison & Morrison, P.C., and The Village of Round Lake Beach.

32. The Trustee commenced this instant adversary proceeding against the Debtor and the Attorneys seeking to recover the compensation paid after the Petition Date to the Debtor and the Attorney arising from the condemnation proceeding brought against the real property commonly known as 22960 Lakeview Avenue, Round Lake Beach, Illinois which condemnation proceeding was captioned *Village of Round Lake Beach v. Laverdure, as Case No. 04 ED 65* (Cir. Ct. 19th Judicial Cir., Lake County, Ill. Oct. 19, 2004) (the "State Court Proceeding").

33. The Trustee was unaware of the State Court Litigation. During the course of this bankruptcy case, the Debtor – unbeknownst to the Trustee – reached a settlement with the Village. Again, unbeknownst to the Trustee, the defendants entered into a settlement, which was subsequently approved the State Court. As a result of the settlement, the Debtor and his attorneys were able to received the proceeds of the condemnation – money which should have been paid to the estate.

34. On June 20, 2008, the Trustee commenced an adversary proceeding against the Debtor and the Defendant Attorneys seeking to recover the $59,750 paid to the Debtor and his attorney.

6

35. The Debtor made, and the Trustee accepted, an offer of judgment in which the Debtor would agree to the entry of a judgment in the amount of $11,950 in the Postpetition Recovery Adversary.

36. The Trustee has dismissed the Village from the Postpetition Recovery Adversary by the filing of a stipulation.

37. As to the remaining defendants, Applicant negotiated a settlement whereby the remaining defendants paid the Debtor's estate $9,000.

38. Applicant drafted the complaint, undertook discovery, negotiated and obtained approval of the offer of judgment, research and negotiated the dismissal of the Village of Round Lake Beach, negotiated and sought approval of the settlement with the remaining defendants.

## REQUEST FOR FINAL ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

39. Applicant did not categorize the time entries in an effort to maintain cost-effectiveness.

40. Applicant seeks reimbursement of expenses in the amount of $16,712.58. A detailed itemization of all expenses recorded by Applicant during the Application Period is set forth on Exhibit 4. All such expenses were actually incurred in connection with this Chapter 7 case and were necessary for the performance of Applicant's services as described herein.

41. Based on the foregoing, for the period from November 1, 2007, through April 30, 2010, Applicant seeks compensation in the amount of $120,070.00 and reimbursement of expenses in the amount of $16,712.58.

   a. WHEREFORE, Gould & Ratner LLP respectfully requests that this Court enter an Order:

      b.      Awarding the Applicant fees in the amount of $120,070.00 for compensation and authorizing reimbursement of expenses in the amount of $16,712.58.pursuant to Sections 330 and 331 of the Bankruptcy Code (collectively, the "First and Final Award");

      c.      Directing the Trustee to pay the Applicant from available funds upon approval of the Trustee's Final Report; and

      d.      Granting such other and further relief this Court deems just.

Dated: June 15, 2011

           ILENE F. GOLDSTEIN, not individually, but as Chapter 7 Trustee for the estate of Ronald W. Laverdure,

           By:    /s/ Christopher J. Horvay
                 One of her attorneys

Christopher J. Horvay (I.D. No. 1263315)
Mark E. Leipold (I.D. No. 6194124)
GOULD & RATNER LLP
222 North LaSalle St., Suite 800
Chicago, Illinois 60601
Telephone:    312.236.3003
Facsimile:    312.236.3241

4840-7842-3816, v. 4